NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JOSE ANTONIO CHAVARIN-ALDAZ, AKA Agustin Chavarin-Aldaz, AKA Agustine E. Chavarin-Aldaz, | No. 18-70080 |
| Petitioner, | Agency No. A089-852-966 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 4, 2020**
Seattle, Washington

Before: GOULD, BEA, and MURGUIA, Circuit Judges.

Jose Antonio Chavarin-Aldaz, a citizen of Mexico, petitions for review of

the decision by the Board of Immigration Appeals ("BIA") to deny his motion to

reopen. Chavarin-Aldaz originally sought cancellation of removal pursuant to 8

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1229b(b)(1) on the basis that his deportation to Mexico would result in "exceptional and extremely unusual hardship" to his minor daughter, who is a United States citizen. The immigration judge ("IJ") denied him that relief and the BIA dismissed his appeal.

Chavarin-Aldaz subsequently filed a motion to reopen with the BIA, arguing that "material changes" occurred since his hearing before the IJ. Specifically, Chavarin-Aldaz (1) married a United States citizen, (2) had a baby with his new wife, and (3) became the stepfather of his new wife's 17-year-old son, a United States citizen. Chavarin-Aldaz claimed that the hardship to those additional qualifying relatives, coupled with the hardship to his minor daughter, sufficiently showed that he is entitled to cancellation of removal under § 1229b(b)(1) and warranted reopening his case. The BIA denied the motion, and Chavarin-Aldaz then filed the instant petition for review. We deny the petition.

1.      The Attorney General argues that we lack jurisdiction to review the BIA's denial of Chavarin-Aldaz's motion to reopen because it implicates a discretionary decision by the agency. Pursuant to 8 U.S.C. § 1252(a)(2)(B), we lack jurisdiction to review the BIA's denial of cancellation of removal under 8 U.S.C. § 1229b(b)(1) when the BIA makes the subjective and discretionary determination that an individual failed to establish the "exceptional and extremely unusual hardship" requirement. *Romero-Torres v. Ashcroft*, 327 F.3d 887, 888

2

(9th Cir. 2003). However, this statutory bar does not apply to a denial of a motion to reopen, where the evidence submitted to the BIA in connection with the motion "addresses a hardship ground so distinct from that considered previously as to make the motion to reopen a request for new relief, rather than a reconsideration of a prior [discretionary] denial." *Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir. 2006). In that case, we have jurisdiction to review the BIA's decision insofar as it implicates evidence that is "non-cumulative and different in kind from the evidence that [the petitioner] presented during [his or her] hearing." *Garcia v. Holder*, 621 F.3d 906, 911–12 (9th Cir. 2010). Here, Chavarin-Aldaz sought to reopen his case based, at least in part, on evidence of hardship to new qualifying relatives—a new basis for relief that did not exist at the time Chavarin-Aldaz requested cancellation of removal. Therefore, we have jurisdiction to review the BIA's denial of his motion to reopen as far as it concerns that non-cumulative basis.

2.     The BIA did not err in denying Chavarin-Aldaz's motion. We review the BIA's denial of a motion to reopen for abuse of discretion. *Id.* at 912. Under this standard, "[t]he decision of the BIA should be left undisturbed unless it is 'arbitrary, irrational, or contrary to law.'" *He v. Gonzales,* 501 F.3d 1128, 1131 (9th Cir. 2007) (quoting *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir. 2002)).

3

In support of the motion, Chavarin-Aldaz submitted a declaration from his wife, who detailed in four short paragraphs how she and her children would suffer financially and emotionally if Chavarin-Aldaz were deported. She stated, for example, that Chavarin-Aldaz's deportation "will affect [her] psychologically," that her children would be separated from their father, and that she had no other close family to help her take care of the baby. She further explained that, as a full-time clinic manager making $43,000 a year, she depends on Chavarin-Aldaz's financial support.

In a reasoned decision, the BIA considered the evidence and found that Chavarin-Aldaz failed to make a prima facie showing of exceptional and extremely unusual hardship to the new qualifying relatives. "The 'exceptional and extremely unusual hardship' standard is a very demanding one." *Garcia*, 621 F.3d at 913; *In Re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001) ("[T]he hardship . . . must be 'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country[,] . . . [and relief] is to be limited to 'truly exceptional' situations."); *see In Re Andazola-Rivas*, 23 I. & N. Dec. 319, 321–25 (BIA 2002) (denying cancellation to single mother who was the sole support of her United States citizen children). Therefore, the BIA's decision was not arbitrary, irrational, or contrary to law.

**PETITION DENIED**.

4